COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


ROBERT BRUCE JACKSON

v.         Record No. 2138-95-3       MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
JEAN JACKSON HARLEY                        MAY 14, 1996


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                    Charles H. Smith, Jr., Judge

          Melissa Warner Scoggins (David G. Weaver;
          Gentry, Locke, Rakes & Moore, on briefs), for
          appellant.

          Charlie R. Jessee (Jessee & Read, P.C., on
          brief), for appellee.


     Robert Bruce Jackson appeals the decision of the trial court

finding that he has agreed to send all of his three children to

college and requiring him to pay those expenses.  We affirm the

trial court's ruling as to the first child, but reverse as to the

two younger children.

     When Dr. Robert Jackson and Jean Harley Jackson divorced in

1987, their children were ten, seven, and four years old.  The

Stipulation Agreement incorporated into the divorce decree

contained a provision concerning college expenses:

          16.  The Parties hereto agree that should each of
     the Parties, decide to send any or all of their
     children, aforesaid, to college, said educational
     expense(s) will be provided for by the Parties on a
     pro-rated basis of his or her income to the other
     Party.

――――――――――――――――――――
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

As an example, the following is provided:
Husband's annual earnings —   $200,000.00
Wife's annual earnings —          20,000.00
Wife would be obligated to pay ten (10%) of the child's college expenses.

In Fall 1994 their eldest daughter decided to forego her senior year of high school and enrolled at the University of Virginia.  Dr. Jackson did not want her to go to school this early, but instead thought that she should take a year off.  He eventually paid ninety percent of her college expenses, but challenged the provision, arguing that each parent was required to agree to send the child to college and he did not agree.  The court ruled that the agreement contemplated a college education for all the children and that neither parent had a veto power.  The judge further found that the parties in fact had agreed to send their children to college.

A separation agreement is enforced as any other contract between the parties.  Parra v. Parra, 1 Va. App. 118, 128, 336 S.E.2d 157, 162 (1985).  "Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally."  Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987); see Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985).  The intent of the parties as expressed in the contract controls the interpretation.  Bender-Miller Co. v. Thomwood Farms, Inc., 211 Va. 585, 588, 179 S.E.2d 636, 639 (1971).  "When the terms of a disputed provision are clear and definite, it is

axiomatic that they are to be applied according to their ordinary meaning." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

The agreement in question provided that should each of the parties decide to send any or all of the children to college, the expenses would be split. This language clearly contemplates that the parties must both agree that each child should attend college.

The trial court found that the parties had already agreed to send all of their children to college. The record does not support this conclusion in its entirety. Robert Jackson did demonstrate, by his actions and words, that he agreed to send his eldest daughter to college. He objected only to her leaving a year early, not to her attending college at all. He ultimately did pay for the first year, rather than refusing to contribute to her decision. The trial court was correct in holding Dr. Jackson responsible for his pro rata share of his first daughter's college expenses.

The evidence before the court demonstrates that the parties have not agreed to send their two younger children to college. If they are so inclined, the parties may agree, at any time, as to whether either or both of the children shall be sent to college, but as neither child is yet of college age, these discussions need not be made now.

We affirm the trial court's decision concerning the college

expenses of the eldest daughter.  The portion of the ruling concerning the other children is reversed and remanded for the trial court to enter an order not inconsistent with this holding.

<u>Affirmed in part,
reversed in part,
and remanded.</u>